UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY GAMMON, *as Personal Representative of the Estate of Andrew Edward Gammon,*   Plaintiff,   v.   TEREX CORPORATION, GENIE INDUSTRIES, INC., GENIE INTERNATIONAL, INC., GENIE HOLDINGS, INC., TRAYLOR-MASSMAN-WEEKS, LLC,   Defendants. | ) ) ) ) ) ) ) ) Case No.: 14-368 JPG/PMF ) ) ) ) ) ) ) |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled.  The Court has noted the following defects in the jurisdictional allegations of the complaint (Doc. 2) filed by plaintiff Tracy Gammon, *as Personal Representative of the Estate of Andrew Edward Gammon*:

- **Failure to allege the citizenship of decedent.**  A complaint asserting diversity jurisdiction must allege the citizenship of individual parties.  28 U.S.C. § 1332(a)(1).  Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent.  28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008)**;** *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990).  Complaint does not allege the decedent's citizenship prior to death.

- **Failure to allege the citizenship of a corporation.**  A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation.  28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party.  Dismissal is appropriate if a plaintiff fails to make such allegations.  *Indiana Hi-Rail Corp. v. Decatur Junction Ry.*

*Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). Complaint alleges state of incorporation of defendants, Terex Corporation, Genie Industries, Inc., Genie International, Inc., and Genie Holdings, Inc. but not principal place of business.

- **Failure to allege the citizenship of each member of an unincorporated association**. To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Complaint fails to allege the citizenship of each member of defendant Traylor-Massman-Weeks, LLC.

The Court hereby **ORDERS** that Tracy Gammon, *as Personal Representative of the Estate of Andrew Edward Gammon,* shall have up to and including , April 10, 2014 to amend the faulty pleading to correct the jurisdictional defects. *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Plaintiff Tracy Gammon, *as Personal Representative of the Estate of Andrew Edward Gammon* is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: March 25, 2014**

*s/J. Phil Gilbert*
**U.S. DISTRICT JUDGE**